2 CITS ESERVE

Case 3:22-cv-00001-M   Document 1-2   Filed 01/03/22   Page 1 of 7   PageID 6

FILED
9/13/2021 9:41 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

CAUSE NO: DC-21-13279

| | | |
|---|---|---|
| **JOSE FUENTES,** | § | IN THE CIVIL DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 134th _____ DISTRICT COURT |
| | § | |
| **FIESTA MART, LLC, a corporation d/b/a** | § | |
| **FIESTA, and BODEGA LATINA** | § | |
| **CORPORATION, a corporation d/b/a** | § | |
| **EL SUPER,** | § | |
| *Defendants*. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN DISCOVERY REQUESTS TO DEFENDANT**

COMES NOW, Plaintiff, **JOSE FUENTES**, and files this his original petition against Defendant, FIESTA MART, LLC, a limited liability company doing business as FIESTA, hereafter "DEFENDANT FIESTA," and BODEGA LATINA CORPORATION, a corporation doing business as EL SUPER, hereafter "DEFENDANT BODEGA." In support of this petition, Plaintiff would respectfully show unto the Court as follows:

### I. RULE 47 STATEMENT OF RELIEF

Plaintiff prefers to have this Honorable Judge, or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff seeks monetary relief over $1,000,000.00.

## II.     DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under **Level 3** of Texas Rule of Civil Procedure 190.4.

## III.     PARTIES

Plaintiff JOSE FUENTES is an individual that resides in and at all relevant times did reside in Dallas County, Texas.

"DEFENDANT FIESTA" is a limited liability company incorporated in the State of Texas and doing business in Texas. "DEFENDANT FIESTA" may be served via their registered agent, C.T. Corporation System, at 1999 Bryan St. Suite 900, Dallas, TX 75201-3136. **Issuance of citation is requested at this time.**

"DEFENDANT BODEGA" is a limited liability company incorporated in the State of Texas and doing business in Texas. "DEFENDANT BODEGA" may be served via their registered agent, URS Agents, LLC at 3610-2 N. Josey Lane, suite 223, Carrollton, Texas 75007. **Issuance of citation is requested at this time.**

## IV.     VENUE & JURISDICTION

Venue is proper in Dallas County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. The Court has jurisdiction because Plaintiff's damages exceed the jurisdictional limits of the court.

## V.     FACTS

On or about June 13, 2021 at approximately 4:00 p.m., Plaintiff FUENTES was a retail shopper at FIESTA / BODEGA store located at 2940 S. 1st Street, Garland, Texas 75041. Without provocation, Plaintiff FUENTES was assaulted by a male who was present in this store and who had previously caused a disturbance at this FIESTA store. At all relevant times FIESTA /

BODEGA employees and agents were present at the grocery store. The injuries sustained by Plaintiff FUENTES were of such severity, that an arrest warrant was issued for the suspect, identified as Jonathan Minjares Amaya, for Aggravated Assault- Serious Bodily Injury, a 2nd Degree Felony. Plaintiff FUENTES was offended, provoked, and injured by the above referenced physical contact.

The injuries and damages sustained by Plaintiff FUENTES were proximately caused by the physical attack on Plaintiff FUENTES by Defendants. The injuries and damages sustained by Plaintiff FUENTES were proximately caused by Defendants' acts and / or omissions.

### VI.     GENERAL NEGLIGENCE / PREMISE LIABILITY

Plaintiff would show the Court that in the context of a premise liability case, Defendants FIESTA and / or BODEGA owned, operated and/or controlled the supermarket branch in Garland, Texas ("the premise") which was the location of Plaintiff's injury. At all relevant times, Plaintiff was a business invitee, who was on the premises for the purpose of retaining retail services, which serves Defendant's economic interests. Defendants FIESTA / BODEGA were guilty of general negligence.

Defendants FIESTA / BODEGA had a duty to use ordinary care to protect Plaintiff from unreasonably dangerous conditions that it knew or had reason to know existed and the unreasonable and foreseeable risk of harm those dangerous conditions posed to Plaintiff on June 13, 2021, Defendants FIESTA / BODEGA owed a duty of ordinary care to keep the premises in a reasonably safe condition for Plaintiff, who was an invitee. Defendants knew, or, in the exercise of reasonable care should have known that the male, Mijares Amaya, would again cause injury to persons at the Garland FIESTA store. The incident was foreseeable, given Mijares Amaya's history at the store.

At all relevant times, Defendant FIESTA / BODEGA was guilty of general negligence. Defendant's acts and/or omissions constituted general negligence, to wit:

i. Failure to inspect the premises to discover unreasonably dangerous persons / conditions;

ii. Failure to employ or retain adequate security services to keep the premises free from unreasonably dangerous persons / conditions;

iii. Failure to maintain all areas used by patrons in a manner free from unreasonably dangerous persons / conditions;

iv. Failure to remedy the unreasonably dangerous condition created by the presence of a person known to have violent tendencies;

v. Failure to keep the premises in a reasonably safe condition for Plaintiff.

As a direct and proximate result of these and other acts and omissions, whether taken singularly or in any combination, Plaintiff was injured when Defendants FIESTA / BODEGA negligently breached their duties to Plaintiff. Said breach resulted in the Plaintiff sustaining physical injuries more fully described below.

## VII. NEGLIGENT HIRING, SUPERVISION AND RETENTION

Defendants FIESTA / BODEGA had a duty to hire, supervise and retain competent employees, including managers, supervisors, and security personnel. Defendants breached that duty in hiring incompetent and unfit managers, supervisors, and security personnel. Defendants then failed to appropriately train and supervise all employees responsible for premise security. Defendants' breach of their duty to hire and retain competent and fit managers, supervisors, and security personnel, and its failure to appropriately train and

supervise those employees, resulted in a physical attack and / or physical abuse on FUENTES, a forty-nine (49) year old male.

## VIII.   GROSS NEGLIGENCE/MALICE/EXEMPLARY DAMAGES

Defendants' actions and / or omissions, as described herein, when viewed objectively at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff and the other patrons in the Garland FIESTA store. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiff, in that on the occasion, Defendants engaged in various acts and omissions, including, but not limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence. Specifically, Defendants allowed a known dangerous / violent individual to enter and remain on the premise among other unknowing patrons. The injuries to Plaintiff FUENTES were foreseeable as Defendants had actual, subjective awareness that Mijares Amaya was violent and tended to behave violently towards other persons. Defendants FIESTA / BODEGA failed to keep Mijares Amaya off the premises, and same exhibited a conscious indifference to the rights, safety and welfare of their patrons, including Plaintiff FUENTES.

Plaintiffs reference and incorporate all of the contents of Plaintiffs' Original Petition previously mentioned above. Therefore, Plaintiffs are pleading for and is entitled to exemplary damages in an amount to be determined by the trier of fact.

## IX.   DAMAGES

Defendants' acts and / or omissions as outlined herein proximately caused injury to the Plaintiff, which resulted in the following damages:

a.   All reasonable and necessary past medical expenses;

b. A sum for future medical expenses and treatment in an amount to be determined at trial;

c. Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

d. Monetary damages for future physical pain and suffering and mental anguish;

e. Past and future physical impairment as determined by a jury;

f. Past and future disfigurement;

g. Exemplary damages as found to be reasonable and just by the trier of fact due to Defendants' gross negligence and malice and because Defendants acted with reckless disregard for the safety and welfare of its invitees;

h. Costs of Court;

i. Pre-judgment interest on all damages awarded at the highest legal rate;

j. Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and

k. Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Plaintiff seeks damages within the jurisdictional limits of this Court.

### X.   NOTICE OF SELF-AUTHENTICATION OF DOCUMENTS

Plaintiff hereby gives notice of its intent to utilize any and all items produced in discovery in any evidentiary hearing, pre-trial proceeding, at time of trial, post-trial matter or appeal regarding this case. The authenticity of such documents is self-proven per the Texas Rules of Civil Procedure 193.7.

## XI. U.S. LIFE TABLES

Plaintiff hereby gives notice to Defendant that Plaintiff intends to use the U.S. Life Tables as used by the U.S. Department of Health and Human Services.

## XII. MISNOMER / STATUTE OF LIMITATIONS

Plaintiff hereby gives notice that in the event Plaintiff serves a correct defendant under an incorrect name, same is a misnomer. Plaintiff hereby gives notice that any such misnomer was a mistake and notes that the applicable limitations is tolled and an amended petition identifying the defendant's correct name relates back to the date this original petition was filed.

## PRAYER

For these reasons, Plaintiff respectfully asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages (economic and non-economic);
   b. Exemplary / Punitive Damages;
   c. Prejudgment and post judgment interest;
   d. Court costs; and
   e. All other relief to which plaintiff is entitled.

Respectfully submitted,

**KELSO LAW PLLC**
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
Tel. (214) 764-9777
Fax. (214) 481-2399

By: _____
**RHIANNON KELSO**
Texas Bar No. 24080636
rkelso@kelsolegal.com
ATTORNEY FOR PLAINTIFF